United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.06-60705
Summary Calendar

JAMES R. WILLIAMS,

Plaintiff - Appellant,

VERSUS

CITY OF AMORY, MISSISSIPPI, and JOHN BISHOP,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi, Eastern Division
1:04-CV-299

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

James Williams appeals the dismissal of his § 1983 claim against the City of Amory,

Mississippi and its police officer John Bishop on summary judgment. Williams' suit claims that

the defendants arrested him without probable cause in violation of the Fourth Amendment.

Williams was arrested after the police observed him driving recklessly, nearly causing two

accidents. He asserts that his arrest was without probable cause and unconstitutional because

witnesses at the scene of his arrest told the officer that Williams did not drink or do drugs and that

he must be suffering from a medical condition.

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court concluded that the evidence in the summary judgment record raised a genuine issue of fact as to whether the defendants acted negligently, but also recognized that negligence alone was insufficient to establish a constitutional violation. We agree. As the plaintiff recognizes, the doctrine of qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. Malley v. Briggs, 475 U.S. 335, 341 (1986). Williams' actions prior to his arrest clearly gave the officers probable cause to arrest him. The officer's failure to recognize and act on William's medical condition was at most negligent and therefore not sufficiently aberrant to overcome the defense of qualified immunity.

Regarding Williams' claims against the city, the district court concluded that Williams failed to establish liability on the part of the city based on a failure to demonstrate that the alleged misconduct in this case was the result of a municipal policy or custom as required by Monell v. Dept. of Social Services of City of New York, 426 U.S. 658 (1978). Again, we agree. The above analysis also supports the conclusion of the district court that Williams failed to state a claim under the Mississippi Tort Claims Act. That act requires "reckless disregard for the safety and well-being of any person not engaged in a criminal act at the time of injury." Mississippi Code Ann. § 11-46-9(1)(c).

Accordingly, we affirm the judgment of the district court dismissing the plaintiff's case on summary judgment for essentially the reasons stated in the district court's Order dated July 12, 2006

AFFIRMED.